Edgar F. Hazleton,
Surrogate and Acting County Judge. The plaintiff’s complaint sets forth two causes of action, each alleging an account stated. Upon the trial, however, the proof presented by the plaintiff failed to sustain either cause as an account stated. Under the circumstances in this case, the mere sending of statements which were ignored by the defendant cannot suffice to establish the validity of the account. Had there been a regular course of dealings between the parties resulting in the submission of a statement of the account, there might be some merit to plaintiff’s contention that the defendant’s silence and retention of the account constituted an assent thereto and established the account stated. But here the defendant was under no legal duty to speak. There existed no such continuity of relationship as would justify an implied acquiescence on his part. Some two years elapsed from the time that the purported services were rendered to the time that the statements were forwarded. In the interim, there were no contacts between the parties anent the transaction in question. The proof fails utterly to spell out any action for an account stated.
Before the conclusion of the trial, the plaintiff moved to amend his complaint to conform to the proof. Decision on this motion was reserved. I now grant the motion, since the evidence, while failing to support an account stated, does raise the issue of a possible broker’s commission due from defendant to plaintiff in connection with the sale of defendant’s property. The complaint will be deemed amended accordingly. In granting this motion, I am cognizant of the fact that the defendant, prior to the trial, had moved for a bill of particulars, attempting to elicit information relating to the question of broker’s services, and that such motion was denied because of the allegations of the complaint. However, this circumstance cannot prevail to defeat the motion to amend since the defendant refused to plead *105 surprise when the motion to amend was made, although the opportunity was afforded him to do so.
This brings me to a consideration of the merits of plaintiff’s claim for a broker’s commission. In substance, the evidence established that plaintiff brought about the initial meeting between defendant and the purchasers of defendant’s property. Other than this introduction, it appears that plaintiff did nothing more to bring about a consummation of the sale. Negotiations continued intermittently between the defendant and the purchasers directly during August and September, 1952, and then lapsed until February, 1953, when the purchasers again contacted the defendant directly, made a deposit and eventually, in March, 1953, signed a contract. Actually, the uncompleted house first looked at by the purchasers when they were introduced to the defendant by the plaintiff, was not the property finally purchased by them. A different house built to their order at another location was sold to the purchasers as the result of their several negotiations with the defendant.
On the basis of these facts, I am unable to find that the plaintiff was the “ procuring cause ” of the sale. The mere act of introducing the purchasers to the defendant is not sufficient to sustain the plaintiff’s claim for a commission in this case. True it is that plaintiff inserted an advertisement in a newspaper which brought the purchasers to him, but this does not alter the fact that his sole action thereafter consisted only of the introduction. He was in no way instrumental in bringing about a meeting of the minds. He should have kept his eye on the purchasers and followed through.
The law usually requires something more of a broker than the mere introduction of the parties to the transaction before it will hold that the broker has earned his commission. It contemplates the performance of such services as materially produces the desired result. “ The duty he undertakes, the obligation he assumes as a condition of his right to demand commissions, is to bring the buyer and seller to an agreement.” (Sibbald v. Bethlehem Iron Co., 83 N. Y., 378, 381.) “ The duty of a broker employed to sell property is to bring the buyer and seller into accord.” (Sampson v. Ottinger, 93 App. Div. 226, 227.)
This does not mean to say that a broker, to earn his commission, must effect a sale upon the terms originally stipulated by the seller. If the broker brings about the sale on any terms upon which the buyer and the seller eventually agree, then the broker has earned his commission. But the performance of such services which finally result in a meeting of the minds is a far *106 cry from the simple act of introducing the prospective purchaser to the seller. The basic rule laid down by the Court of Appeals in Sibbald v. Bethlehem Iron Co. (supra), has been cited with approval in many subsequent decisions and remains the fundamental law on this subject. I am constrained to hold that the plaintiff’s services in this case fall far short of the legal requisites which measure an earned commission.
Accordingly, I direct judgment for the defendant dismissing the plaintiff’s complaint on the merits.